IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| **JOHN M. BURKE** | : | **CHAPTER 13** |
| Debtor | : | Hearing: January 15, 2025 – 10:00 AM |
| | : | **No.   23-13899 (amc)** |

**STIPULATION among PHILADELPHIA FEDERAL CREDIT UNION ("PFCU"), DEBTOR and CHAPTER 13 TRUSTEE
to RESOLVE the MOTION of PFCU for RELIEF FROM the AUTOMATIC STAY**

Philadelphia Federal Credit Union (**"PFCU"**), by and through its counsel, **KAPLIN STEWART MELOFF REITER & STEIN, P.C.**, John M. Burke (the **"Debtor"**), by and through **SADEK LAW OFFICES, LLC**, his counsel, and Scott F. Waterman, Esquire (the **"Chapter 13 Trustee"**) hereby stipulate and agree as follows :

## BACKGROUND

A.     The Bankruptcy Court has jurisdiction over this core matter, pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a), (b)(1) and (2)(A) and (M), and 11 U.S.C. §362.

B.     Venue of this Court is predicated upon 28 U.S.C. §1409.

C.     On December 28, 2023 (the **"Petition Date"**), John M. Burke (the **"Debtor"**) filed a voluntary petition for relief under Chapter 13 of the U.S. Bankruptcy Code, in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania, at the docket number appearing above.

D.     On June 23, 2022, the Debtor (and his non-debtor spouse, Meghan Burke (the **"Co-Borrower"**; collectively, the **"Borrowers"**) made, executed and delivered a "Closed-End Note, Disclosure, Loan and Security Agreement (the **"Note"**) to PFCU, evidencing their indebtedness to PFCU in the original principal amount of $25,869.18 (the **"Loan"**).

E.     At the same time, as an inducement to PFCU to extend the Loan, in consideration of PFCU's decision to do so, and as security for its repayment, the Borrowers granted PFCU a lien upon a certain 2020 Kia Sorento (VIN XXXXX-XXXXX-XXX1509; the **"Vehicle"**).

F. The lien upon the Vehicle was perfected by endorsement on the Certificate of Title thereto.

G. The Loan is an obligation subject to the "hanging paragraph" of 11 U.S.C. §1325, and its balance therefore cannot be "crammed down" to the current value of the Vehicle.

H. Under the terms of the Note, payments of $395.85 each are due on the 23rd of each month, beginning on July 23, 2022.

I. Thus, eleven such payments have fallen due post-petition.

J. The Borrowers have made only nine post-petition payments.

K. On December 5, 2024, PFCU filed its Motion for Relief from the Automatic Stay of 11 U.S.C. §362 and the co-debtor stay of 11 U.S.C. §1301 (the "Motion").

L. On December 9, 2024, the Debtor filed an answer to the Motion.

M. PFCU and the Debtor have agreed to resolve the Motion by way of a Consent Order, but only on the terms and conditions hereinafter set forth.

N. The Co-Borrower did not respond to the Motion, and – as provided by 11 U.S.C. §1301(d) – the Co-Debtor Stay has terminated.

O. The Chapter 13 Trustee does not oppose this resolution of the dispute.

**NOW, THEREFORE**, intending to be legally bound hereby, the parties agree as follows:

### AGREEMENT

1. **Background**.  The parties agree that the foregoing background is correct and complete in all material respects, and incorporate it herein as if fully set forth again.

2. **Debtor to file Amended Schedules and Plan**. No later than January 15, 2025, the Debtor shall file an Amended Chapter 13 Plan (and any Amended Schedules necessitated by that filing) which shall provide for the (by then) three past-due post-petition payments to be paid

through the Plan

    3.    **Resumption of Post-Petition Payments "Outside the Plan"**.  The Debtor shall resume making post-petition payments with the payment due on January 23, 2025, and continuing thereafter as and when set forth in the Note, through maturity thereof, or such earlier date on which the Loan has been paid in full.

    4.    **Proof of Insurance**.  The Debtor shall, at all times when a balance is outstanding on the Loan, maintain insurance on the Vehicle in such amounts and of such types as required by the Note.

    5.    **Default**.  The occurrence of any of the following shall constitute a default hereunder:

    A)    The failure of the Debtor to make any payment provided-for herein on or before the date on which it is due;

    B)    The failure of the Debtor to achieve confirmation of a Chapter 13 Plan consistent with the above by July 1, 2025;

    C)    The conversion of this case to a proceeding under Chapter 7 of the Bankruptcy Code; or

    D)    The occurrence of any other event or condition of default set forth in the Note.

    6.    **Notice of Default**.  Upon the occurrence of a Default as set forth in the previous paragraph hereof, PFCU shall cause notice thereof to be sent to the Debtor by First Class U.S. Mail, to the address then appearing on the Court's docket, and to his counsel by email, and by First Class Mail to the address appearing on his most-recently filed paper in this case.

    7.    **Certification of Default**.  If the Debtor fails to cure any default within ten calendar days after notice thereof has been sent as set forth in the previous paragraph hereof, PFCU may so certify to the Bankruptcy Court, upon which an Order granting relief from the automatic stay (and waiver of the 14-day stay of B.R. 4001(a)(3)) shall be entered.

DATED this ___16___ day of _____December_____, 2024.

| | |
|---|---|
| **KAPLIN STEWART MELOFF REITER & STEIN, P.C.** | **SADEK LAW OFFICES, LLC** |
| By: /s/ William J. Levant | By: /s/ Michael I. Assad |
| WILLIAM J. LEVANT, Esq. | MICHAEL I. ASSAD, Esq. |
| 910 Harvest Drive | 1500 JFK Boulevard, Suite 220 |
| P.O. Box 3037 | Philadelphia, PA 19102 |
| Blue Bell, PA 19422 | (215)545-0008 |
| (610)260-6000 | Attorneys for Debtor |
| Attorneys for PFCU | |

"No objection without prejudice to any of the Trustee's rights or remedies."

**SCOTT F. WATERMAN, Esq.**
**STANDING CHAPTER 13**

By: /S/ Ann Swartz

Name: Ann Swart, Esq.
2901 St. Lawrence Avenue, Suite
Reading, PA 19606
(610)779-1313
Attorney for Chapter 13 Trustee

From: Ann Swartz
To: William J Levant
Subject: FW: John M. Burke - 23-13899(amc) [IMAN-IMAN_BB.FID1037889]
Date: Friday, December 20, 2024 10:46:08 AM
Attachments: image001.png
Stipulation to Settle Motion for Relief signed.pdf

Okay to affix my e-signature, thanks.

**APPROVED** and **SO ORDERED**, this ___ day of _____, 202___.

BY THE COURT:

_____
Ashely M. Chan, Chief United States Bankruptcy Judge